# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

THE TRIAL COURT

Hampden, ss                                         Hampden Superior Court

                                                    Docket No: _____

Susan and Gilles DeGrave

v.

The Bank of New York Mellon fka The Bank of New York

as Trustee for The Certificateholders of the CWABS, Inc.,

Asset-Backed Certificates, Series 2006-5, Bank of America,

MERS (Mortgage Electronic Recording System), and Ditech

fka GreenTree Servicing, et al

## COMPLAINT PURSUANT TO M.G.L. Chapter 93A and REQUEST FOR PRELIMINARY INJUNCTION

Now come the Plaintiffs, Susan and Gilles DeGrave, to file this Complaint against the above Defendants, and to request that this Honorable Court issue a Preliminary Injunction to stay the FORECLOSURE AUCTION now scheduled imminently for this coming Monday, March 21, 2016 at 12:00 noon, at the location of the real property owned by the Plaintiffs at 360 Elm Street in East Longmeadow, Massachusetts, on the following statutory grounds:

1. Massachusetts Consumer Protection Act, G.L. c. 93a, Sections 2 and 9 and the Attorney General's regulations at 940 CMR 3.05 and 3.16, on the grounds that the Plaintiffs' original mortgage from Countrywide Home Loans contained fraud and forged signatures, as well as other violations of the applicable Truth in Lending Act and RESPA protections.
2. The foreclosing lender does not have physical possession of the ORIGINAL promissory note, and cannot document a complete chain of assignments of the promissory note. In re Gavin, 319 B.R. 27, 32 (1st Cir. B.A.P. 2004).
3. The lender has refused to produce all original loan documents for inspection, including the underlying loan documentation for the Countrywide loan, which overstated the income of the Plaintiffs and attributed all income to the wife, and not the husband, for example.
4. The holder of the promissory note must also be the holder of the mortgage; MERS cannot foreclose and MERS was the entity listed on the Adjustable Rate note.

/

5. The original Adjustable Rate Mortgage (ARM) issued by Countrywide Home Loans constituted a predatory loan pursuant to Massachusetts General Laws Chapter 183C, as the initial interest rate of 8.5% could have gone as high as 15.5%, which is not permitted under Massachusetts law, and Countrywide Home Loans was not a national bank. The Countrywide mortgage also contained illegal pre-payment penalties under the statute.

6. Plaintiffs further allege that the Quitclaim Deed from Gilles DeGrave to Gilles and Susan DeGrave, was invalid due to the failure of the Notary to document the necessary identity document from Gilles DeGrave in the notary's written entry. As well, the Plaintiffs request that the Defendants produce evidence of the chain of title from Peoples Bank, holder of the original mortgage to Gilles DeGrave, to Countrywide Home Loans, both promissory note and mortgage. Plaintiffs can then determine, with expert assistance, whether there are any missing links in the chain of assignments, which would defeat the alleged holder's claim.

Wherefore, the Plaintiffs request that the Court issue a Preliminary Injunction and order the Defendants to produce the original loan documentation, including the Original Promissory Note, proof of a COMPLETE chain of assignments, and underlying underwriting and loan application documents from Countrywide Home Loans containing the required disclosures, signatures, financial submissions, and the like as they relate to the alleged predatory loan. A preliminary injunction is necessary because the Plaintiffs will suffer Irreparable Harm should the family home, which is modified to accommodate the disability of Gilles DeGrave, including wheelchair ramp and grab bars, be sold at auction, whereas the Defendants will not be irreparably harmed, but merely delayed in their quest to foreclose, while they are required by a Court to provide documentation that they have thus far failed to produce.

PRAYER FOR RELIEF:

1. That the Court reform, rescind, or cancel the original Mortgage, and/or the Modification of the Mortgage from February 2010, based on fraud, mistake, accident or illegality.
2. That the Court find that the Defendants violated M.G.L. Chapter 93A, M.G.L. Chapter 183C, the Massachusetts Uniform Commercial Code, and other sections of the Massachusetts General Laws including M.G.L. Chapters 214, Section 1, Chapter 185 Section 1(k), Chapter 185C, Section 3, and Chapter 231A, Section 1, as well as the applicable federal laws including the Truth in Lending Act and the Real Estate Settlement Procedures Act, and issue the appropriate declaratory judgment.
3. That the Court order further equitable and monetary relief as warranted.

2

Respectfully submitted,

*Susan VH DeGrave* (signature)

Susan VH DeGrave


Gilles B. DeGrave

March 17, 2016

### CERTIFICATE OF SERVICE AND NOTICE OF HEARING

I certify that I served a true copy of the above Complaint on the attorney of record for the Bank of New York, Harmon Law Offices, by faxing a copy to their offices on this date of March 17, 2016, with a request that they ASSENT to postponing the Foreclosure Sale scheduled in three days, on March 21, 2016, together with notice that the Plaintiffs will endeavor to bring their Request for a Preliminary Injunction before the Court on either Friday, March 18' 2016 at 2:00 PM, or Monday, March 21, 2016 at 9:00 AM, on a short order or ex parte basis if allowed.

*Susan VH DeGrave* (signature)

Susan VH DeGrave

3